UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRYL J. LAROCK,

                Plaintiff,

v.                                                       Case No. 25-cv-444-pp

JOHN AND JANE DOES,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Darryl J. LaRock, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On May 12, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $2.01. Dkt. No. 8. The court received that fee on May 27, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.　Screening the Complaint**

　　A.　Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff alleges that on September 3, 2024,[1] while at the Brown County Jail, defendants Jane and John Doe doctors mistreated him when he had just had a stroke in January 2024. Dkt. No. 1 at 2. The plaintiff states that because of the stroke, he could not hold his bowel movements, wore a diaper and could not clean himself. Id. at 2-3. He allegedly asked for help, but defendants Jane and John Doe officers did not help him, and he had to wear a dirty diaper until the nurses cleaned him on September 6, 2024. Id.

---

[1] The plaintiff initially says "September 3, 2023," but based the rest of the complaint, it appears that "2023" is a typographical error and that he means September 3, 2024.

3

The plaintiff alleges that after the nurses cleaned him on September 6, 2024, the Jane and John Doe defendants placed him in a room with a rubber mat for a bed for five days. Id. After that, he allegedly was moved to another unit for ten days where he had to sleep on a concrete slab. Id. The plaintiff states that after ten days, he contracted pneumonia and was transferred to Dodge Correctional Institution. Id.

The plaintiff claims that the defendants were deliberately indifferent to his medical needs. Id. He also says that the defendants made him pay for medication for which his "reservation" already had paid. Id.

For relief, the plaintiff seeks compensatory damages for leaving feces on him for two days and for not providing him with his medication. Id. at 4.

C. Analysis

It is not clear if the plaintiff was a pretrial detainee or if he had been convicted of a crime when he was confined at the Brown County Jail. If he was a pretrial detainee, the Fourteenth Amendment applies to his claims; if he already had been convicted, the Eighth Amendment applies. See Miranda v. County of Lake, 900 F.3d 335, 350-51 (7th Cir. 2018). Under either standard, the plaintiff's allegations that the John and Jane Doe defendants refused to help him change his soiled diaper for over two days implicate his constitutional rights. See Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) (Eighth Amendment); Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019) (Fourteenth Amendment).

The plaintiff also states that he had to pay for medication for which his "reservation" already had paid, and that he was denied medication. These allegations are confusing and unclear. The plaintiff does not say what medications he had to pay for or did not receive nor does he say who was responsible. These allegations do not state a plausible claim for relief.

The plaintiff alleges that the defendants placed him in a cell for five days with a "tire rubber mat" for a bed. He says that he then was moved for ten days to a cell in which his bed was a concrete slab, but he does not say who moved him to that cell. The plaintiff does not appear to want to pursue a claim based on these allegations. In any case, as alleged, they do not state a claim.

In summary, the plaintiff may proceed on claims against defendants John and Jane Does in their individual capacities for allegedly refusing to help him change his soiled diaper from September 3 through September 6, 2024. Because the plaintiff does not know the names of the Doe defendants he is suing, the court will add Brown County Sheriff Todd J. Delain as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Delain is not required to respond to the complaint. After Sheriff Delain's attorney files an appearance in this case, the plaintiff may serve discovery upon Sheriff Delain (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff does not state a claim against Sheriff Delain, his discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Delain about any other topic, and Sheriff Delain is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the person or people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholder. The court will dismiss Sheriff Delain as a defendant once the plaintiff identifies the Doe defendants' names. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Delain's attorney appearing. If he does not, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil L. R. 41(c) (E.D. Wis.).

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DIRECTS** the clerk's office to add Sheriff Todd J. Delain to the docket as a defendant, for the limited purpose of helping the plaintiff identify the Doe defendants he is suing.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on Brown County Sheriff Todd J. Delain under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that Sheriff Delain does not have to respond to the plaintiff's complaint; however, he must respond to the plaintiff's discovery requests as described in this order.

The court **ORDERS** the plaintiff to identify the real names of the Doe defendants within sixty days of Sheriff Delain appearing in the case. If the plaintiff does not, or does not explain to the court why he is unable to identify their real names, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c) (E.D. Wis.).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$347.99** balance of the filing fee

7

by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 15th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

9

Case 2:25-cv-00444-PP   Filed 10/15/25   Page 9 of 9   Document 9